UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. LEO M. GORDON, JUDGE

| | |
|---|---|
| AMOENA USA CORP., | |
| Plaintiff, | Court No. 20-00100 |
| v. | |
| UNITED STATES, | |
| Defendant. | |

**PLAINTIFF'S SUPPLEMENTAL BRIEF ADDRESSING *RIDDELL, INC. V. U.S.***

In *Riddell, Inc. v. United States*, 754 F.3d 1375 (Fed. Cir. 2014), the court held that football pants, jerseys, and girdles were classifiable as articles of apparel under chapter 61/ 62, Harmonized Tariff Schedule of the United States ("HTSUS"), as opposed to football equipment under chapter 95. The pants had compartments for protective pads, and the jerseys were fitted for shoulder pads under the jersey. *Id.* at 1377. Significantly, chapter 95 Note 1 states that this chapter does not include sports apparel of chapter 61/62. Under this statutory structure, products classified in chapter 61/62 would defeat a claim for classification under chapter 95. Amoena's case is different from *Riddell* for three reasons.

First, the headings in this case are different from those in *Riddell*. Pursuant to General Rules of Interpretation (GRI) 1, HTSUS, classification is determined according to the terms of the heading and any relative section or chapter notes. *Riddell*, 754 F.3d at 1379. In each case, the court determines classification based on the scope of the competing tariff provisions and the notes in the HTSUS. If only one provision applies, the court can make its determination under GRI 1. If two or more provisions apply, the court can resolve the controversy by consulting GRI 2 or GRI 3. *Riddell*, 754 F.3d at 1380. at 1379-80.

In *Riddell*, the court found that the garments at issue were within the common meaning of clothing under chapters 61/62. *Id.* at 1381. Citing to *Lemans and Bauer*, the court held that the garments at issue did not fall within the common meaning of the term "sports equipment" in heading 9506 because sports equipment does not include clothing. *Id.* at 1380-81. The court acknowledged an exception to the general rule for the classification of sports equipment for "protective wear" (like the garments in *Bauer*) but concluded that the Riddell garments did not fall within that exception. *Id.* Having determined that the Riddell garments did not qualify as sports equipment, the court held the garments were encompassed by the common meaning of apparel in chapters 61/ 62. *Id.* at 1382. The same rationale was used to defeat the claim for parts.

While the court's analysis of whether football garments qualify as sports equipment has limited precedential value here, the same level of consideration should be afforded to the classification of the mastectomy bras ("MBs") under heading 9021. Here, the parties agree that the breast prostheses are classified under heading 9021, and there is no doubt based on the record that the principal purpose of the MBs is to hold the breast forms in place. As a result, the MBs are an accessory or a part of the breast form classified under heading 9021 (with the breast form).

Second, unlike chapter 95, which excludes sports apparel of chapters 61/62, Amoena's proposed classification of the MBs under chapter 90 contains no such exclusion for apparel of chapter 61/62. To the contrary, Note 2(a) to chapter 90 provides:

> Parts and accessories which are goods included in any of the headings of this chapter or of chapter 84, 85 or 91 (other than heading 8487, 8548 or 9033) are in all cases to be classified in their respective headings;

This Note clarifies that accessories to articles of chapter 90 take precedence over other tariff headings. *See also* chapter 90 Note 2(b) for the same effect. Thus, if the MB is *prima facie*

classifiable under both heading 9021, and heading 6212 for brassieres, then heading 9021 will defeat classification under heading 6212.

Finally, unlike the merchandise in *Riddell*, where the court held that the addition of pockets to accommodate padding was not significant enough to remove the garments from the provisions for wearing apparel, the design, marketing, sale, and use of the MBs is totally different than that of brassieres and demonstrate a sufficient change in identity to warrant removal from heading 6212. *Camelbak Products LLC. v. U.S.* 649 F.3d 1361, 1367-68 (Fed. Cir. 2011). The factors considered in *Camelbak* include the design, use, function, and commercial aspects of the merchandise such as sales and marketing literature. *Id.* The record is replete with evidence to distinguish MBs from brassieres of heading 6212.

In conclusion, under *Riddell*, the Court should classify MBs based on the tariff provisions and the chapter notes of the HTSUS. As in *Riddell,* here a note directs the Court to select one competing heading over others. In *Riddell* the chapter notes directed the court to choose Chapters 61 or 62 over Chapter 95. Here, Note 2 directs the Court to choose chapter 90 over Chapter 61/ 62. Thus, if the Court agrees that MBs are classifiable under heading 9021, that heading takes precedence over heading 6212.

Respectfully submitted,

By:  /s/ Joseph M. Spraragen
Robert B. Silverman
Joseph M. Spraragen
Grunfeld, Desiderio, et al., LLP
599 Lexington Avenue – 36th Floor
New York, New York 10022-7648
Tel: (212) 557-4000 jspraragen@gdlsk.com

Dated: December 17, 2025
New York, New York